# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

**MICHAEL SHAYNE TERRY,** ]
]
   Plaintiff, ]
]
   vs. ] CV 12-J-365-NW
]
**MICHAEL J. ASTRUE,** ]
**Commissioner of the Social** ]
**Security Administration**, ]
]
   Defendant.

## MEMORANDUM OPINION

This matter is before the court on the record and the brief of the defendant. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted. The plaintiff filed an application for Disability Insurance Benefits, alleging an inability to work since November 2, 2009,[1] due to a prior severe injury to left hand resulting in a partial amputation, diabetic neuropathy in his feet, pain in his right hand and arthritis in his hip and knee (R. 40, 43, 45-46, 66, 77-78). The application was denied initially (R. 96-101) and again by an Administrative Law Judge on May 20, 2011 (R. 14-27). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 1-3).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is

---

[1] This is an amended onset date due to the res judicata effect of a prior Social Security denial R.37-38.

substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988).  The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983).  However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir.1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir.1984).

The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The evidence before the court reveals that the plaintiff had a severe injury to his right hand in 1996, which resulted in partial amputation of that hand and further surgery several years later  (R. 285-301, 319-324, 338-348).  He has been treated for a diabetic ulcer on the bottom of one foot and suffers from diabetic neuropathy (R. 48-49, 395).  The plaintiff's complaints of hip and knee pain do not appear in the medical records (R. 68), and a consultative evaluation in May 2010 noted the plaintiff could get on and off the exam table without difficulty and had a normal gait (R. 370).  The only limitations noted in the

May 2010 consultative examination was the absence of the majority of plaintiff's left hand (R. 370). The plaintiff was laid off from his last job and collected unemployment benefits until 2010 (R. 65).

At the hearing, the ALJ inquired of the Vocational Expert (VE) whether someone with the plaintiff's age, education and work experience, who is limited to light work with further limitations of no climbing of ladders, ropes or scaffolding; who is unable to use his left hand for fine or gross manipulation, and who is limited from all industrial hazards, could return to any of the plaintiff's past work (R. 83). The VE responded that the plaintiff's past work as a shift manager and as a delivery driver remained viable under those limitations (R. 83). Because the plaintiff was capable of returning to his past relevant work, the ALJ found the plaintiff had not been under a disability at any time from November 2, 2009, through the date of the decision (R. 27).

Given the evidence presented to the ALJ and this court, the court cannot conclude the decision of the ALJ was against the weight of the evidence. Accordingly, the decision of the Commissioner must be affirmed.

Done, this 20th day of September, 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE